## O'KEEFE v. ROBISON. (No. 966–4796.)

Commission of Appeals of Texas, Section A.
Oct. 26, 1927.

**Mandamus ⬡85—Land office commissioner was not compelled to issue permit to prospect on alleged public land while suit to try title was pending.**

Commissioner of general land office, proceeded against in mandamus, was not compelled to issue permit to prospect for petroleum and natural gas on land alleged to be unsurveyed public school land, where suit in trespass to try title to land was pending between the state and third parties, and relator was a party to that suit.

Proceeding in mandamus by Robert E. O'Keefe against J. T. Robison, Commissioner of the General Land Office. Petition dismissed.

Robert E. O'Keefe and Reeder & Reeder, all of Amarillo, for relator.

Claude Pollard, Atty. Gen., for respondent.

HARVEY, P. J. This is a proceeding upon a petition by the relator, Robert E. O'Keefe, for mandamus. The issuance of such writ is sought against respondent, J. T. Robison, the commissioner of the general land office, to compel him to approve relator's application for a permit to prospect for and develop petroleum and natural gas in a certain parcel of land alleged to be unsurveyed public school land, and to issue to relator such permit. Facts are alleged by relator showing full compliance with legal requirements in the making of the application for such permit.

The respondent, by duly verified answer, alleges that the parcel of land to which the relator's application relates is occupied and claimed by third parties, who are not parties to this proceeding; that these third parties are claiming title to said land as being part of a survey for which the state issued a patent in the year 1895, of which patent the third parties are the holders; that there exists a substantial controversy between the state and the third parties respecting the question of fact as to whether or not the land involved here is embraced within the calls of said patent; that for the purpose of determining such question of fact the state, through the Attorney General, has filed in the district court of Travis county a suit in trespass to try title against said third parties and other conflicting claimants, for the recovery of the land covered by relator's application, which suit still is pending, and the relator is a party to that suit; that until such suit is determined, the. respondent is unable to determine whether said land is covered by the patent under which the third parties hold.

In this state of the case, a writ of mandamus as prayed for will not be issued by this court. O'Keefe v. Robison (Tex. Sup.) 292 S. W. 854; Teat v. McGaughey, 85 Tex. 486, 22 S. W. 302; Juencke v. Terrell, 98 Tex. 237, 82 S. W. 1025; Chappell v. Rogan, 94 Tex. 492, 62 S. W. 539; De Poyster v. Baker, 89 Tex, 155, 34 S. W. 106; Land Commissioner v. Smith, 5 Tex. 479.

We recommend that the relator's petition for mandamus be dismissed.

CURETON, C. J. The opinion of the Commission of Appeals is adopted, and the petition for mandamus dismissed.

---

## Robert E. O'KEEFE v. J. T. ROBISON, Commissioner, etc. (No. 967–4797.)

Commission of Appeals of Texas, Section A.
Oct. 26, 1927.

Robert E. O'Keefe and Reeder & Reeder, of Amarillo, for relator.
Claude Pollard, Atty. Gen., for respondent.

HARVEY, P. J. This is a companion case to No. 966–4796, styled Robert E. O'Keefe v. J. T. Robison, Commissioner (Tex. Com. App.) 299 S. W. 213, this day decided. For the reasons stated in our opinion in that case, which also are applicable to this case, we recommend that relator's petition for mandamus herein be dismissed.

CURETON, C. J. The opinion of the Commission of Appeals is adopted and the application for mandamus dismissed.